## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JAMES SCHUBERT and MARGARET SCHUBERT | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-3471 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES, LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, INC., | § | |
| TRANS UNION LLC., and | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATED DISTRICT COURT JUDGE:

Plaintiffs, James Schubert and Margaret Schubert ("Plaintiffs"), by and through counsel,

for their Complaint against Defendants, Equifax Information Services, LLC, Experian Information

Solutions, Inc., Trans Union, LLC, and Nationstar Mortgage, LLC, jointly, severally, and in solido,

state the following:

### I.   INTRODUCTION

1.   Three of the Defendants are consumer reporting agencies ("CRAs") as defined by

15 U.S.C §1681 a(f) and one Defendant, Nationstar Mortgage, LLC is a furnisher of consumer

information. All Defendants have violated 15. U.S.C. § *et seq.*, known as the Fair Credit Reporting

Act (the "FCRA"). Nationstar Mortgage, LLC is also liable for violations of the Real Estate

Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601-2617. Plaintiffs seek to recover from

Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.    PARTIES

2.    Plaintiffs, James Schubert and Margaret Schubert are a married couple and natural persons residing in Santa Maria, California. Plaintiffs are "consumers" as defined by the FCRA, 15 U.S.C. § 1681a(c), and victims of repeated false credit reporting and mortgage servicing issues.

**Made Defendants herein are:**

3.    Equifax Information Services, LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters at 1550 Peachtree Street, Northwest Atlanta, Georgia 30309. Equifax is nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumers reports to third parties of contract for monetary compensation.

4.    Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian," "Defendant," "Defendants," "CRA," "CRA Defendants,", does business in this judicial district and is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626, Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f) to third parties. Experian regularly engages in business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681 a(f) to third parties. Experian disburses such consumer reports to third parties for monetary compensation.

5.    Trans Union, LLC, which may also hereinafter be referred to as "Trans Union,"

"Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.    Nationstar Mortgage, LLC or Mr. Cooper, purchased Seterus, LLC, and on or about, March 1, 2019, and assumed all liabilities of Seterus, LLC.  Nationstar Mortgage, LLC, Mr. Cooper, and Seterus, LLC will hereinafter be referred to as "Nationstar," "Defendant," "Defendants," or "Furnisher Defendant". Nationstar is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Headquarters and/or Legal Department at Nationstar Headquarters, 8950 Cypress Waters Blvd, Coppell, TX 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

7.    Nationstar is a servicer as defined by RESPA, 12 U.S.C. v 2605(i)(2).

8.    As used herein, "Consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluation consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consume reports and is an entity in the business of collecting, maintaining, and disseminating information regarding the credit-worthiness of individuals. CRAs

specifically include, but are not limited to, Equifax, Experian, and Trans Union.

### III.   JURISDICTION AND VENUE

9.    Plaintiffs respectfully assert that this Honorable Court has jurisdiction over this case as it arises under violations of federal law. *See* 28 U.S.C. § 1331; 15 U.S.C. § 1681(p); 12 U.S.C. § 2614. Plaintiffs also assert state law claims which may be brought within the supplemental jurisdiction of this Court and Plaintiffs respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

10.    Venue is proper in this District because CRA Defendants and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this District, and various actions forming the basis of Plaintiffs' claims against the Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

11.    Venue is further proper in this District because CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiffs. Any and all requests to investigate Plaintiffs' disputes sent from the CRA Defendants as part of their reinvestigation were submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiffs' mortgage from this judicial district including communicating amounts owed, conducting numerous communications via phone and letter, and investigating Plaintiffs' written requests and responding thereto.

### IV.   FACTUAL ALLEGATIONS

12.    In March 20, 2007, Plaintiffs secured a mortgage for their home with Fannie Mae.

13.    In September of 2014, Seterus, LLC acquired Plaintiffs' mortgage loan and assigned loan

number xxxx4772 ("the Seterus mortgage").

14. Plaintiffs made regular payments to the Seterus mortgage.

15. A redacted copy of the Seterus mortgage payment history is attached hereto as Exhibit "A" and incorporated in by reference.

16. Plaintiffs specifically made timely payments in May 2015, October 2015, December 2015, January 2016, from June to July 2016, October 2016, from September through December 2017, and from August through December 2018. (*See* Exhibit "A").

17. Upon information and belief, sometime in March of 2019, Nationstar acquired Seterus, LLC and thus obtained control of the Seterus mortgage and all liabilities for Seterus, LLC.

18. After March 2019, the Seterus mortgage was serviced by Nationstar.

19. Sometime in February 2020, Plaintiff, James Schubert, pulled his Equifax credit report and noticed that it was not accurate.

20. Within the Equifax credit report, Plaintiffs noticed that it reported payments to the Seterus mortgage as "Unknown" in May 2015, October 2015, December 2015, and January 2016; his Equifax credit report was also reporting the Seterus mortgage as "30-59 Days Late" in December 2017 and November 2018.

21. A redacted copy of Plaintiff's Equifax Credit Report is attached hereto as Exhibit "B" and incorporated in by reference.

22. Sometime in February 2020, Plaintiff, James Schubert, pulled his Trans Union credit report and noticed that it was not accurate.

23. Within the Trans Union Credit report, Plaintiffs noticed that it reported payments to the Seterus mortgage as "30-59 Days Late" in December of 2017 and November of 2018.

24. A redacted copy of Plaintiff's Trans Union Credit Report is attached hereto as Exhibit

"C" and incorporated in by reference.

25.    Sometime in March of 2020, Plaintiff, James Schubert, pulled his Experian credit report and noticed that it was not accurate.

26.    Within the Experian credit report, Plaintiff noticed that it reported as "Unknown" in May 2015, October 2015, December 2015, January 2016, June through July 2016, October 2016, September through November 2017, and December 2018; his Experian credit report was also reporting the Seterus mortgage as "30 Days Late" in November 2018.

27.    A redacted copy of Plaintiff's Experian Credit Report is attached hereto as Exhibit "D" and incorporated in by reference.

28. Sometime in July 2020, Plaintiff, Margaret Schubert, pulled her Experian, Equifax and Trans Union reports using a 3-Bureau Report from Smart Credit.

29. A redacted copy of Plaintiff's 3-Bureau Report from Smart Credit is attached hereto as Exhibit "E" and incorporated in by reference

30.    On or about August 27, 2020, Plaintiffs sent direct disputes to Equifax, Experian, and Trans Union, and requested that the CRA Defendants investigate with Nationstar the reporting of the Seterus mortgage. Plaintiffs requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiffs' credit reports concerning the Seterus mortgage.

31.    Within Plaintiffs' August 27, 2020 dispute letters to Experian and Trans Union they also disputed the reporting of their Residential Credit Solutions Mortgage (hereinafter, "RCS MTG") tradelines, which were inaccurately reporting the RCS MTG tradeline as late or unknown from April 2013 through August 2014 on both Plaintiffs' Experian and Trans Union Credit Reports.

32.    Redacted copies of Plaintiffs' unsigned dispute letters sent to Equifax, Trans Union, and Experian are each attached as Exhibits "F", "G", and "H", respectively and incorporated in by reference.

33.    Equifax responded to Plaintiff James Schubert's dispute on or around September 21, 2020.

34.    Equifax responded to Plaintiff Margaret Schubert's dispute on or around September 23, 2020.

35.    Redacted copies of Equifax's responses are attached hereto as Exhibit "I" and "J", respectively and incorporated by reference.

36.    Equifax responded to Plaintiff James Schubert's dispute by verifying that the information disputed was reporting accurately and merely referred Plaintiffs to contact Nationstar.

37.    In the September 23, 2020 response letter to Plaintiff Margaret Schubert, Equifax failed to modify, make timely, or modify the disputed payments despite claiming to do so.

38.    Equifax's responses were not the result of a reasonable investigation into Plaintiffs' dispute.

39.    Equifax failed to conduct a reasonable investigation into Plaintiffs' dispute for it did not adequately evaluate or consider Plaintiffs' information, claims, or evidence and, instead, Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continue to publish the inaccurate information regarding Plaintiffs' Seterus mortgage tradeline.

40.    In accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims, evidence and did not make any attempt to substantially or reasonably verify the Seterus mortgage reporting lines with Nationstar.

41.      In the alternative, Equifax failed to contact Nationstar, therefore, failed to perform any investigation at all.

42.      In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

43.      Experian responded to Plaintiffs' dispute on or around September 22, 2020.

44.      Redacted copies of Experian's responses are attached hereto as Exhibit "K" and "L", respectively and incorporated by reference.

45.      Experian  responded to Plaintiff James Schubert on September 22, 2020 by updating its reporting of the Seterus mortgage account as "30 Days Late" for May 2015, October 2015, January 2016, July 2016, November 2017, August through October 2018, and December 2018; did not modify, correct, or make timely the payments for December 2015, June 2016, and October 2016; changed the December 2017 to  "ND"; added " 30 Days Late" for October 2014 and March 2018 and"60 Days Late" in December 2014; and  only corrected, modified , and made timely the payment for  November 2018.

46.      Experian's  September 22, 2020 response to Plaintiff Margaret  Schubert  by updating its reporting of the Seterus mortgage account as "30 Days Late" for May 2015, October 2015, January 2016, July 2016, July 2016, November 2017, August through October 2018, and December 2018; did not modify, correct, or make timely the payments for October 2016 or December 2017; added " 30 Days Late" for October 2014, January 2018, and  March 2018 and"60 Days Late" in December 2014; and only corrected, modified, and made timely the payments for December 2015, June 2016, and November 2018.

47.      Experian's responses to Plaintiffs failed to address or provide investigation results for

Plaintiffs' RCS MTG tradeline.

48.    Experian's responses were not the result of a reasonable investigation into Plaintiffs' dispute and failed to remedy the inaccuracies within the Seterus mortgage tradeline and RCS MTG tradeline because Plaintiffs sent a clear dispute regarding both tradelines and provided a payment history showing timely payments for the disputed months on their Seterus mortgage tradeline and yet Experian made inaccurate and/or no changes to the disputed dates, added additional inaccurate changes to none disputed dates, and only modified and/or corrected some disputed dates.

49.    Experian chose to "verify" false information from an unreliable source, failed correct the inaccurate information, add additional inaccurate information, and continued to publish the inaccurate information regarding Plaintiffs' Seterus mortgage tradeline and RCS MTG tradeline.

50.    Upon the Plaintiffs' request to Experian for verification and addition regarding the Seterus mortgage tradeline and RCS MTG tradeline, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the Seterus mortgage tradeline with Nationstar or the RCS MTG tradeline with this furnisher.

51.    In the alternative, Experian failed to contact Nationstar and RCS MTG, therefore, failed to perform any investigation at all.

52.    In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

53.    Trans Union never responded to either Plaintiffs' dispute and never reinvestigated Plaintiffs disputes as they pertained to the Seterus mortgage tradelines and the RCS MTG tradelines.

54.     In April 2020, Plaintiff, James Schubert, sent Nationstar a Qualified Written Request ("QWR") to Defendant Nationstar. In his QWR, Plaintiff noted the letter was a notice of error and requested detailed information regarding his mortgage account previously with Seterus, LLC. Plaintiff's QWR also stated that Nationstar had 30 days to respond under RESPA.

55.     A redacted copy of the Plaintiff's unsigned QWR to Nationstar is attached hereto as Exhibit "M" and incorporated in by reference.

56.     On April 30, 2020, Nationstar responded, provided a Seterus mortgage payment history, but wholly failed to address the issues regarding the Seterus mortgage account.

57.     A redacted copy of Nationstar's response to Plaintiff's QWR letter is attached hereto as Exhibit "N" and incorporated in by reference.

## V.   GROUNDS FOR RELIEF

### COUNT I-EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

58.     The Plaintiffs realleges and incorporates all paragraphs above as if fully set out herein.

59.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

60.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added).

61.     Equifax knew or should have known Plaintiffs' account status and payment history were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiffs.

62.     Despite actual and implied knowledge that Plaintiffs' credit report was and is not

accurate, Equifax readily provided false report to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately, Plaintiffs' creditworthiness.

63.    After Equifax knew or should have known Plaintiffs' account status and payment history were inaccurate, it failed to make the corrections.

64.    As a result of Equifax's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

65.    Equifax's conduct, action, and inaction were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

66.    The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

67.    The Plaintiffs realleges and incorporates all paragraphs above as if fully set out herein.

68.    Equifax violated § 1681i by failing to update inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

69.    As a result of Equifax's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss

of credit, loss of ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

70.     Equifax's conduct, action, and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

71.     The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

72.     The Plaintiffs realleges and incorporates all paragraphs above as if fully set out herein.

73.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

74.   The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added).

75.     Experian knew or should have known Plaintiffs' account status and payment history were inaccurate for their Seterus mortgage tradeline and their RCS MTG tradeline, but Experian continued to prepare a patently false consumer report concerning Plaintiffs.

76.     Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Experian readily provided false report to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately, Plaintiffs' creditworthiness.

77.    After Experian knew or should have known Plaintiffs' account status and payment history were inaccurate for their Seterus mortgage tradeline and their RCS MTG tradeline, it failed to make the corrections.

78.    As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

79.    Experian's conduct, action, and inaction were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

80.    The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

81.    The Plaintiffs realleges and incorporates all paragraphs above as if fully set out herein.

82.    Experian violated § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

83.    Experian violated § 1681i because it never reinvestigated Plaintiffs' disputes as they pertained to their RCS MTG tradeline.

84.    As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages,

including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

85.     Experian's conduct, action, and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

86.     The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

87.     The Plaintiffs realleges and incorporates all paragraphs above as if fully set out herein.

88.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

89.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added).

90.     Trans Union knew or should have known Plaintiffs' account status and payment history were inaccurate for their Seterus mortgage tradeline and their RCS MTG tradeline, but Trans Union continued to prepare a patently false consumer report concerning Plaintiffs.

91.     Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Trans Union readily provided false report to one or more third parties, thereby

misrepresenting Plaintiffs, and ultimately, Plaintiffs' creditworthiness.

92.    After Trans Union knew or should have known Plaintiffs' account status and payment history were inaccurate for their Seterus mortgage tradeline and their RCS MTG tradeline, it failed to make the corrections.

93.    As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

94.    Trans Union's conduct, action, and inaction were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

95.    The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681i)**

96.    The Plaintiffs realleges and incorporates all paragraphs above as if fully set out herein.

97.    Trans Union violated § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

98.    As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered

damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

99.     Trans Union's conduct, action, and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

100.     The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT VII – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

101.      Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

102.      Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Seterus mortgage tradeline representation within Plaintiffs' credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiffs' dispute  of the Seterus mortgage tradeline representation, failing to accurately response to the CRA Defendants, failing to correct report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Seterus mortgage tradeline representations to the consumer reporting agencies.

103.       As a result of Nationstar's conduct, action, and inaction, the Plaintiffs

suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

104.        Nationstar's conduct, action, and inaction were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

## COUNT VIII – NATIONSTAR'S VIOLATION OF RESPA
## (12 U.S.C. § 2605)

105.    The Plaintiffs realleges and incorporates all paragraphs above as if fully set out herein.

106.    Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

107.    Nationstar has negligently and/or willfully violated § 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiffs' request, correct the account accordingly, and left the account riddled with errors.

108.     Nationstar further violated § 2605(e) by failing to credit the late charges and/or penalties as required under subsection (2)(A).

109.     Nationstar's failure to respond, conduct a reasonable investigation, and make the appropriate corrections to Plaintiffs' account, as well as credit late fees and/or penalties, has proximately causes Plaintiffs' damages.

110.    Defendant Nationstar is therefore liable to Plaintiffs for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

111.    Plaintiffs are also entitled to recover reasonable attorney's fees and costs expended in

this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

## VI.   VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

112.   Plaintiffs will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII.   DAMAGES

113.   Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

114.   Plaintiffs respectfully request that this Honorable Court award Plaintiffs their litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation in accordance with the provisions of the FCRA and/or other laws.

115.   The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiffs.

116.   Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiffs and have been a substantial factor in causing credit denials and other damages.

117.   Plaintiffs suffered a variety of damages, including economic and non-economic damages as prayed for herein.

118.   Defendants have negligently and/or willfully violated various provisions of the FCRA and

are thereby liable unto Plaintiffs.

119.   Defendants are liable unto Plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED,** Plaintiffs, James Schubert and Margaret Schubert, prays that this Honorable Court:

A.     Enter Judgment in favor of Plaintiffs and against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Nationstar Mortgage, LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiffs, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B.     Find that the appropriate circumstances exist for an award of punitive damages to Plaintiffs;

C.     Award Plaintiffs pre-judgment and post-judgment interest, as allowed by law;

D.     Order that the CRA Defendants, Equifax Information Services, LLC, Experian

Information Solutions, Inc., Trans Union, LLC, and Furnisher Defendant, Nationstar Mortgage, LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiffs and/or any of Plaintiffs' personal identifiers.

      E.    Grant such other and further relief, in law or equity, to which Plaintiffs might show they are justly entitled.

Date Filed: November 23, 2020

Respectfully submitted,

*/s/ Matthew P. Forsberg*
Matthew P. Forsberg
State Bar Number 24082581
Matt@FieldsLaw.com
FIELDS LAW FIRM
9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

*/s/ Jonathan A. Heeps*
Jonathan A. Heeps
TX State Bar Number 24074387
**LAW OFFICE OF JONATHAN A. HEEPS**
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com

COUNSEL FOR PLAINTIFFS

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

November 23, 2020                          */s/ Matthew P. Forsberg*
Date                                        Matthew P. Forsberg